## Benjamin Peckham v. Elizabeth A. Hoag.

*Action against administrator—Mistrial.*

1. A finding that does not show the actual value of assets in the hands of an administrator is insufficient to sustain judgment and causes a mistrial where suit is brought against him for not paying a claim against the estate.

57 Mich—19

2. *It seems* that in a proceeding against an administrator for not paying a claim against the estate there should be some finding of fact as to whether defendant is responsible for the failure to sell lands, as ordered, to pay debts.

Error to Berrien.   (Smith, J.)   June 4.—June 10.

ASSUMPSIT.   Plaintiff brings error.   Reversed.

*A. C. & C. A. Blair* for appellant.   Lands obtained by the foreclosure of mortgages in the hands of an administrator are considered personal assets: How. Stat. §§ 5880–3; *Albright v. Cobb* 30 Mich. 360; *Little v. Lesia* 5 Mich. 119; *Kunzie v. Wixom* 39 Mich. 386; and the administrator is liable for claims against the estate: How. Stat. § 5929; *Palms' Appeal* 44 Mich. 637; *Winegar v. Newland* id. 370; *Hoffman v. Beard* 32 Mich. 222; *Basom v. Taylor* 39 Mich. 687.

*N. A. Hamilton* and *Clapp & Bridgman* for appellee, cited *Willard v. Van Leeuwen* 56 Mich. 15.

CAMPBELL, J.   Plaintiff sued defendant, as administratrix de bonis non of Isaac J. Hoag, deceased, for not paying a debt proved by him against the estate; the action being founded on section 5936 and the subsequent sections of Howell's Statutes.

Isaac J. Hoag died May 8, 1874, and Allen M. Randall was appointed administrator, in which capacity he acted until February 5, 1878, collecting and inventorying assets and performing other services.   At the latter date he resigned, and it appeared by his account that all of the personal assets which remained consisted of real estate which had been bought in under mortgages belonging to the intestate.   These stood as inventoried at something over $10,000.

On his resignation defendant was made his successor in the trust.   The realty thus acquired, as well as the land which had belonged to the intestate, valued at several thousand dollars, remained undisposed of, and so far as the record shows, properly so.

In August, 1879, a new order was made for the proof of debts by plaintiff and such others as might apply, and he

and one other creditor proved claims before the judge of probate. One small claim was allowed to another creditor. Plaintiff proved one claim of $2000 and some interest, which matured December 29, 1873, or nearly six years before, and one of $1300 and interest, which matured January 1, 1879. The order allowing these claims was made February 18, 1880, and it contained a statement that defendant had assets, and a direction to pay them within ninety days.

On the 10th of March, 1880, a license was granted to sell land, and it was at once advertised for sale, April 27th, and sale made. The court of probate refused to confirm the sale, on a technical irregularity. The present suit was brought in July, 1883.

The court below, on the trial, made several findings of fact which cover what has already been stated, and held that there was no liability against defendant, because she received no personal assets, and was not in fault for not selling the lands. The court also found that the recital of assets in the probate order was unwarranted and made without any proper notice and hearing.

Upon this last question the finding is correct. By section 5936 of Howell's Statutes, the proper order to enter upon the determination of such claims is an order that the administratrix pay if she shall have sufficient assets. And by sections 5938 and 5939 it is provided that when an action is commenced for non-payment, the defense of plene administravit may be set up, and judgment shall only be rendered for so much as the assets will warrant. But real as well as personal property is reckoned among the assets by section 5936.

It was held in *Hilton v. Briggs* 54 Mich. 265, that the inventory was not conclusive as to assets or their value. The court below did not find the actual value of assets in defendant's hands, and therefore the finding furnishes no means for entering judgment, if otherwise warranted.

Under the finding there is no doubt that there were assets to some extent which might be sold. And there is no fact found from which it can be determined that defendant is not responsible for not selling. There was some evidence from

which it is possible it may be conjectured that the sale pro-ceedings were managed by plaintiff or his agent.  If so, it may be that he and not defendant should be held responsible for the consequences.  But there is no such finding of specific facts.

In the absence of any finding of the amount of assets unadministered, there is nothing to support a judgment for plaintiff for any fixed sum.  The facts being chiefly proved by documents, there is nothing before us but the finding which could enable us to make a final disposition.

The proceeding must be treated as a mistrial, and a new trial awarded with costs to abide the event.

The other Justices concurred.