BENJAMIN PECKHAM v. THOMAS O'HARA, BERRIEN CIRCUIT JUDGE.

*Estates of deceased persons—Judgment—Execution—Suit against administrator on failure to pay claim allowed*

1. A judgment against the estate of a deceased person, rendered in a suit commenced against the administrator under How. Stat. § 5929, on his alleged failure to pay a claim allowed against the estate after being ordered so to do by the probate court, is void.

2. There is no law of this State authorizing an execution against the assets of the estate of a deceased person for the collection of an ordinary money judgment.

3. How. Stat. § 5902, which forbids actions against estates when commissioners are appointed, except for realty or in replevin, and declares that no attachment or execution shall issue against an estate before the time limited for the payment of debts, *creates* no liability to execution or attachment, and cannot recognize any that is not authorized by some other provision of law.

*Mandamus.* Submitted February 12, 1889. Denied February 20, 1889.

Application for *mandamus* to compel respondent to vacate an order setting aside an execution levy. The facts are stated in the opinion.

*Blair, Wilson & Blair,* for relator.

*N. A. Hamilton,* for respondent.

CAMPBELL, J. . Relator sued out an execution upon a judgment which appears to have been in form against the estate of Isaac J. Hoag, deceased, and the writ was levied on lands which had belonged to the decedent. Upon application of the administratrix, Elizabeth A. Hoag, the levy was set aside, and the execution recalled. Relator asks for a *mandamus* to have the order of the circuit court vacated. The declaration is against Elizabeth A. Hoag individually. It sets up as cause of action specially the allowance of a claim of plaintiff against Isaac J. Hoag's estate, and a failure by defendant to pay the claim as ordered by the probate court, and avers assets. It also contains the common counts for individual indebtedness. The suit was brought under section 5929, How. Stat., which creates a personal liability against administrators in such cases.

A former judgment rendered against defendant in the same cause was before us in *Peckham v. Hoag,* 57 Mich. 289 (23 N. W. Rep. 818). That judgment was set aside for two reasons. One was that it was not made to appear by the finding what amount of assets the defendant had in her hands, and therefore there was no basis for a judgment for any particular amount; another was that the finding did not show that defendant was responsible for the failure to sell lands to raise money to

pay the debt, or that plaintiff himself had not caused the failure. It now appears that in April, 1887, a judgment was rendered on a verdict that Isaac J. Hoag was indebted to the plaintiff in the sum of $6,000, but there is no finding of assets, or of any duty or failure of the administratrix to pay the debt. On this finding a judgment was rendered against the estate, and not against her individually, which contains the very unusual recitals that the judgment was to be collected out of the estate, and not out of the defendant personally, and that plaintiff have execution therefor.

We have searched in vain for any statute which would authorize an execution to issue against the assets of an estate for an ordinary money judgment. The whole policy of our law remits the handling and application of assets to the probate court. The only suggestion to the contrary is rested by relator on a section of the statutes (How. Stat. § 5902) which forbids actions against estates when commissioners are appointed, except for realty or in replevin, and declares that no attachment or execution shall issue against an estate before the time limited for the payment of debts. Whatever this section may mean, it certainly creates no liability to execution or attachment, and cannot recognize any that is not authorized by some other provision of law. It covers attachments as well as executions, and there is no law authorizing attachments. It may have been retained without sufficient attention from some statute that does not meet our system. But the whole subject of judgments and executions is largely statutory with us, and levies and sales of real estate on execution have always been entirely statutory. We have no law which would permit a judgment against an estate to be so levied.

But this judgment is void. There can be no valid

74 Mich.—19.

judgment which is not based on a suit brought in legal form against the judgment debtor. This suit is based entirely on an alleged personal liability of Mrs. Hoag, and on nothing else. It is based on a statute which creates such personal liability for a personal default. The estate of Isaac J. Hoag was not before the court as a party, and a judgment against it was as foreign to the record as if it had been rendered against Richard Roe. It is therefore a nullity, and not merely erroneous in form. It was based on an equally unauthorized verdict against the estate.

The circuit court did rightly in setting aside the proceedings. The *mandamus* must be denied, with costs.

The other Justices concurred.