## YANKTON SAV. BANK *et al.* v. GUTTERSON.

1. Comp. Laws, § 5803 (as it stood prior to 1901), provides that, "when any judgment has been rendered for or against the testator in his lifetime, no execution shall issue thereon after his death, except: * * * (2) In case of death of the judgment debtor, if the judgment be for the recovery of real or personal property, or the enforcement of a lien thereon." *Held*, that the section was taken from Section 1505 of the Code of California, read in connection with Section 686 of the Code of Civil Procedure of that state, being substantially in the wording of those sections, and therefore was presumably adopted with the construction given those sections by the highest court of California.

2.  No execution can issue on an ordinary money judgment under such statute after the death of the judgment debtor, not even a special execution for the purpose of subjecting attached property to its satisfaction.

3.  A special execution for the purpose of subjecting attached property to the satisfaction of an ordinary money judgment is not issued for the enforcement of a lien on the property, within the meaning of the exception to the statute.

4.  As no execution can issue on an ordinary money judgment after the death of a judgment debtor, not even a special execution for the purpose of subjecting attached property to its satisfaction, the death of the judgment debtor in such a case dissolves an attachment obtained against his property.

5.  The fact that the statute was afterwards amended so as to authorize the issuance of a special execution against the attached property would not authorize the court to construe the original statute as authorizing such an execution.

(Opinion filed April 1, 1902.)

Appeal from circuit court, Yankton county. HON. E. G. SMITH, Judge.

Action by the Yankton Savings Bank and William Hickey, as sheriff of Yankton county, against A. W. Petterson, in which plaintiffs recovered judgment. Afterwards defendant died, and G. Gutterson, his administrator, was substituted by order of the court. Order dissolving an attachment obtained against Petterson's property, and plaintiffs appeal. Affirmed.

*J. T. Smith* and *French and Orvis,* for appellants.

The death of a defendant in an attachment action either before or after the entry of judgment does not of itself dissolve the attachment. §§ 5803, 4446, 5000, 5001, 5006 Comp. Laws, Chap. 167 Laws 1901; Bank v. Jacobson, 8 S. D. 292; Roberts v. Parker, 85 N. W. 591; Cowell v. Buckelin, 14 Cal. 641; Myers v. Mott, 29 Cal. 359; 80 Am. Dec. 142. See Boyd v. Roberts, 10 Heisk, 474;

Snell v. Allen, 31 Tenn. 208; Frellson v. Green, 19 Ark. 376; Thacher v. Bancroft, 15 Abb. Pr. 243; Henry v. Champion, 30 Tenn. 569; Pardin v. Archer, 4 S. D. 54; Mitchell v. Schoonover, 17 Pac. 867; Rodgers v. Breckridge, 24 S. W. 300; · Sherwood v. Huston, 41 Miss. 59; Linbot v. Kipp, 9 Fla. 60; Butler v. Woods, 34 Mo. App. 494; Smith v. Warden, 35 N. J. L. 346; Cochran v. Loring, 17 Ohio, 409; White v. Heamer, 7 W. Va. 324; Waitt v. Thompson, 80 Am. Dec. 186; Fitch v. Ross, 4 S. & R. 557; Miller v. Williams, 30 Vt. 386; Frellson v. Green, 19 Ark. 376.

*R. B. Tripp,* for respondent.

Cited *contra:* Myers ·v. Mott, 29 Cal. 359; Ham v. Cunningham, 50 Cal. 365; Ham v. Henderson, 50 Cal. 367; Stoddard v. Bank, 22 Mont. 190.

CORSON, J.   This is an appeal from an order vacating and dissolving an attachment. In November, 1899, the appellant, the Yankton Savings Bank, commenced an action on contract for the recovery of money against A. W. Petterson, and a judgment was ordered therein against him on the 22nd of December.  At the time of the issuing and serving of the summons, such proceedings were had that a warrant of attachment was issued against the property of the said Petterson, and his personal property, to the amount of $800 or more, was seized under the same and taken into his possession by the sheriff of Yankton county.  Said Petterson died on or about December 23, 1899.  On the 23rd of December an execution on said judgment was issued and placed in the hands of the sheriff, but no action seems to have been taken thereon until in February, 1900, when the same was returned and a second execution was issued, under which the plaintiff advertised and sold the property so levied upon by him under his warrant of attachment.

Upon such sale the property was sold for $890, being sufficient to satisfy the costs and expenses of sale and the amount of judgment, and leaving a balance of about $30, which was paid over to the clerk of the courts. On the 16th of January, 1901, the circuit court, upon the respondents' motion, made an order substituting Gutterson, administrator, defendant in the action in the place of Petterson, deceased. Upon the following day Gutterson, as administrator, served a notice upon the plaintiff bank and the sheriff of said county that he would move the court for an order dissolving the attachment, vacating and setting aside the judgment, two executions, execution sale, and returns of the officer, for reasons specified in the motion. The court, upon the hearing, made the order vacating the attachment, and denying all other relief asked for in the motion.

A number of questions are discussed in the brief of counsel, but in the view we take of the case it will only be necessary to consider the question of the effect of the death of defendant Petterson upon the attachment, as that seems to be the only question properly before us for review on this appeal. It will be noticed that the motion was to dissolve the attachment, vacate and set aside the judgment, two executions, execution sale, and returns of the officer thereon. The order of the court is: "It is ordered and adjudged that the said motion be and is hereby granted, so far as the same relates to the said attachment, and said attachment is hereby vacated and dissolved; but said motion is denied as to all other relief asked in said administrator's notice of motion." The appellants herein excepted to so much of the order as dissolved the said attachment, and the respondent excepted to the refusal of the court to vacate and set aside the judgment, executions, returns, and sale, and each of them. The respondent has taken no appeal from that part of the order deny-

ing his motion; consequently that part of the order is not before us for review. We are of the opinion, therefore, that this court must presume that the trial court held that the summons was legally and properly served, and the judgment was properly entered, before the death of Petterson, and in discussing this case we shall assume that such was the decision of the court below, and that the court dissolved the attachment upon the sole ground that the death of Petterson had the effect of dissolving the same. In taking this view of the case it will not be necessary to notice many of the points made by counsel for respondent in his brief.

It is contended on the part of the respondent, in support of the order made by the circuit court, that, the defendant Petterson having died after the judgment in the action, the attachment proceedings were dissolved, as no execution could be issued upon the judgment; and he bases his contention upon section 5803, Comp. Laws, as it stood prior to 1901, which reads as follows: "When any judgment has been rendered for or against the testator in his lifetime, no execution shall issue thereon after his death except: * * * (2) In case of the death of the judgment debtor, if the judgment be for the recovery of real or personal property, or the enforcement of a lien thereon." The respondent insists that this section was taken from Section 1505 of the code of California, read in connection with section 686 of the code of civil procedure of that state, and that the two sections were construed by the supreme court of California before their adoption by this state. On the other hand, the appellants contend that, when the plaintiff bank had secured a lien upon the property by attachment in the lifetime of Petterson, it had the right to proceed and sell the property under the judgment obtained, and that such lien comes within the attachment law, which provides that the sheriff under his warrant of attachment

shall attach and safely keep all of the property of the defendant within his county, or as much thereof as is sufficient to satisfy plaintiff's demand, and upon the recovery of the judgment in the action the same shall be sold to satisfy said judgment. Sections 4997, 5002, Comp. Laws. The appellants contend that the section of our code referred to came from New York, and not from California. We are inclined to take the view of the respondent's counsel, that the section referred to was the two sections of the California code combined in one, and comes within the rule that the statute of a state adopted by another state is presumed to be adopted with the construction given to it by the highest court of the state from which it was taken. The sections of the California code read as follows: "Where any judgment has been rendered for or against the intestate in his lifetime no execution shall issue thereon after the death except as provided in section 686." Section 1505. Section 686 provides: "Notwithstanding the death of the party after the judgment execution thereon may be issued, or it may be enforced as follows: * * * (2) In case of the death of· the judgment debtor if the judgment be for the recovery of real or personal property or the enforcement of a lien thereon." It will be noticed that the provisions of the two sections of the California code above quoted are identical with section 5803 of our own code, above quoted, showing conclusively that the section of our code was adopted from the sections of the California code. No provision of the New York code has been called to our attention which substantially corresponds with the section of our code referred to.

The question of right to sell the property attached before the death of the judgment debtor, upon an execution issued after his death, was very fully considered in the case of Myers v. Mott, 29 Cal. 359, 89 Am. Dec. 49, decided in 1866, and in that case the court

held that if the defendant die after the levy of an attachment upon his property, and before the judgment, the lien of the attachment is dissolved, and the attached property passes into the hands of the administrator to be administered on in the due course of administration. It will be noticed that in that case the defendant died before judgment, but the court based its decision upon the ground that an execution could not issue upon the judgment, and therefore the lien of the attachment was necessarily dissolved; and in that view of the case it is not material whether the defendant dies before or after the judgment, providing that at the time of his death an execution has not been issued, and the property sold thereunder. It is true, in that case two of the judges of the supreme court, Mr. Justice Shafter and Mr. Justice Sawyer, dissented, but this does not lessen the force of the decision as giving a construction to the statute in that state. But independently of the rule invoked we are inclined to agree with the views of Mr. Justice Rhodes in his able and exhaustive majority opinion. The rule contended for by the appellants in the case at bar was very ably supported by the dissenting opinions of Shafter and Sawyer. In fact, the case was so ably discussed by the judges on both sides that it is difficult to see how anything further could be said upon the question.

It is further contended on the part of the appellants that the execution issued in this case was not a general execution, such as is inhibited by section 5803, but is in the nature of a special execution for the purpose of subjecting the attached property to the satisfaction of the judgment. But we find no warrant in the statute for a special execution upon an ordinary money judgment, even though the property of the judgment debtor has been attached and is held as security for the debt. Neither is the execution issued

for the enforcement of a lien within the meaning of the statute.   It will be noticed that the language of the section is, no execution shall issue on a judgment after the death of the judgment debtor except the judgment be for the recovery of real or personal property or the enforcement of a lien thereon.   While it is true that the creditor thus obtains a lien upon the property of the debtor by means of the attachment, the action is not for the enforcement of such a lien, but is for the recovery of the debt.   It could not reasonably be claimed that an action to recover judgment upon an ordinary money demand, in which an attachment had been issued and levied upon the property, was an action to enforce a lien upon the same. Our conclusion is that, as the section stood at the time this action was instituted and the attachment proceedings had thereunder, on the death of the defendant either before or subsequent to the attachment, but before the judgment was satisfied, the attachment lien was dissolved, and the property levied upon under the attachment belongs to the administrator to be administered upon in due course of administration.   The question is not one of much particular importance, independently of its effect upon the case now before us, for the reason that the last legislature amended section 5803 by including an attachment lien.   Chapter 167, Laws 1901.   This act of the legislature settles the question in this jurisdiction in accordance with the views of the dissenting judges in Myers v. Mott, *supra,* but it can have no effect upon this court in the decision of the question now before us.   It is contended on the part of the appellants that this amendment by the legislature indicates that in its opinion the issuing of the execution was not inhibited in a case like the one at bar, under the section of the probate act as it then stood; but we can give to the action of the legislature no such construction, as, the question being a mooted one, it was proper that

the legislature should settle it by amending the section in such a manner as they might deem for the best interest of the people.

These views lead to the affirmance of the order of the circuit court, and the same is affirmed.