IN THE

# SUPREME COURT

OF THE

# STATE OF IDAHO.

---

(May 16, 1911.)

## EDWARD ROSE, Plaintiff, v. WILLIAM C. DUNBAR, Probate Judge, Defendant.

[115 Pac. 920.]

ATTACHMENT—ATTACHMENT NOT JUDGMENT LIEN—DEATH OF JUDGMENT DEBTOR — ISSUANCE OF EXECUTION AFTER DEATH OF JUDGMENT DEBTOR.

(Syllabus by the court.)

1. Under sec. 4475 of the Rev. Codes, execution may be issued after the death of the judgment debtor for the enforcement and collection of a judgment, where the judgment is for the "recovery of real or personal property or for the enforcement of a lien thereon."

2. Where an action is instituted for the collection of a debt and an attachment is issued and levied on property of the debtor and judgment is thereafter entered and prior to the issuance of an execution the judgment debtor dies, an execution cannot issue for the collection of the same under the provisions of sec. 4475, Rev. Codes, for the reason that such a judgment is not a judgment for the "recovery of real or personal property or the enforcement of a lien thereon," but is a simple money judgment and does not fall within the purview of sec. 4475, Rev. Codes.

Original action for writ of mandate. Demurrer to the petition sustained and action dismissed. Costs awarded in favor of defendant.

B. P. Bradford, for Plaintiff.

A judgment lien obtained against a judgment debtor's property in his lifetime is still a valid lien after the death of

the judgment debtor. (*Bowman v. Stark,* 6 N. H. 459; *Barrett v. Furnish,* 21 Or. 17, 26 Pac. 861; *Byrnes v. Sexton,* 62 Minn. 135, 64 N. W. 155.)

As a judgment lien is the highest class of lien known to the law, a construction should not be placed on sec. 4475, subd. 2, which would deny the right of a judgment creditor, who has obtained a judgment lien against the real property of the judgment debtor in his lifetime, to enforce his lien against the real property of the judgment debtor, even after the death of the judgment debtor. (*Bower v. Holladay,* 18 Or. 491, 22 Pac. 553; *Waitt v. Thompson,* 43 N. H. 161, 80 Am. Dec. 136; and above authorities.)

Wyman & Wyman, for Defendant.

The judgment here is upon a promissory note, and the fact that plaintiff avails himself of a provisional remedy cannot change the judgment into one for "the enforcement of a lien." (*Yankton Sav. Bank v. Gutterson,* 15 S. D. 486, 493, 90 N. W. 144; *Myers v. Mott,* 29 Cal. 359, 89 Am. Dec. 49; *Cunningham v. Burk,* 45 Ark. 267; *Morton v. Adams,* 124 Cal. 229, 71 Am. St. 53, 56 Pac. 1038.)

AILSHIE, Presiding J.—This is an original action commenced in this court, praying for a writ of mandate against William C. Dunbar, probate judge of Ada county, directing and commanding him to issue an execution upon a judgment obtained in the court of which he is judge, which judgment was entered in an action wherein Edward Rose was plaintiff and Frances Richardson, now deceased, was defendant.

It appears that on April 16, 1910, the plaintiff herein instituted an action in the probate court of Ada county against Frances Richardson for the recovery of a sum of money due on a promissory note, and that on the 25th day of the same month plaintiff procured a writ of attachment to issue and caused the same to be levied upon real property belonging to the defendant Richardson. Personal service was had and

obtained, and on May 12, 1910, defendant having failed to appear, a default was entered and judgment was taken against her according to the prayer of the complaint. Thereafter and on May 18th an abstract of the judgment was taken from the probate court in conformity with the provisions of the statute and filed with the recorder of Ada county, that being the county in which the real estate was situated. On June 3, 1910, the judgment debtor Richardson died, and thereafter an administrator was duly appointed to administer the estate of the deceased. On April 18, 1911, the plaintiff applied to the defendant herein, William C. Dunbar, probate judge of Ada county, for a writ of execution to issue out of his court for the satisfaction of the judgment, and the court declined and refused to issue the same. The defendant has filed a demurrer to the petition, charging that the petition does not state facts sufficient to constitute a cause of action.

It is conceded by counsel for the plaintiff, in the first place, "that under the common law, if defendant died after judgment and before issuance of execution, no execution could issue upon such judgment." It is contended, however, by counsel that the statutes of this state have modified the common-law provision to such an extent that it was the duty of the court in this case to issue an execution for the collection of the judgment rendered and entered prior to the death of the judgment debtor. Counsel bases this contention upon the provision of sec. 4475, Rev. Codes; that statute, in so far as it bears upon the question here in issue, reads as follows: "Notwithstanding the death of a party after the judgment, execution thereon may be issued, or it may be enforced as follows: . . . . (2). In case of the death of the judgment debtor, if the judgment be for the recovery of real or personal property, or the enforcement of a lien thereon." It is contended by counsel that a valid attachment issued against the property of a debtor during his lifetime creates a lien on such property and subjects the property to the payment of any judgment obtained in the action, and that an execu-

tion issued thereon falls within the provisions of sec. 4475, *supra,* authorizing the issuance of an execution for the recovery of a judgment for the enforcement of a lien on real or personal property. Counsel for the defendant contend, however, that a judgment rendered in such case is a simple money judgment and is not a judgment to enforce any lien of any kind, and that the attachment lien is simply a supplementary proceeding authorized by the statute for the purpose of aiding in the collection of such judgment as may be recovered.

It seems clear to us that any lien acquired merely by reason of the issuance of an attachment in an action to collect a debt is not a "judgment for the enforcement of a lien" of any kind. The "judgment for the enforcement of a lien" mentioned in subd. 2 of sec. 4475, *supra,* evidently has reference to a judgment which forecloses a lien of some kind against either real or personal property, and authorizes and directs the sale of the specific property to satisfy the judgment. The statute has reference to a judgment for the foreclosure of a real estate or chattel mortgage, a laborer's or materialman's lien, agister's lien, or a pledge of personal property or some other lien, that has been created either by contract or statute, and that the party in whose favor the lien exists has foreclosed or taken the legal steps necessary to reduce the same to a judgment and authorize the sale of the property on which the lien issued. It was evidently the purpose of the legislature in the enacting of sec. 4475 to preclude the issuance of an execution after the death of the judgment debtor on a plain money judgment, and in such case a lien acquired by attachment or other statutory process in aid of the collection of the judgment could not be enforced by execution after the death of the judgment debtor.

Our statute is practically the same as the statute of California and the statute of South Dakota, each of which has received a construction to the same effect as we have above reached. (See *Myers v. Mott,* 29 Cal. 359, 89 Am. Dec. 49; *Yankton Savings Bank v. Gutterson,* 15 S. D. 486, 90 N. W. 144.)

The defendant judge properly denied the application for the issuance of a writ of execution. The demurrer is sustained and the action is dismissed. Costs awarded in favor of the defendant.

Sullivan, J., concurs.