## COLLINS and BRUFF v. HUGH DUFFY.

An attachment creates no privilege against the succession, where the debtor subsequently dies in this State, and his estate is administered upon here, as the place of his residence.

APPEAL from the District Court of Lafourche, *Randall*, J. *J. L. Cole*, for plaintiffs. *J. C.* and *A. Beatty*, for defendant. The judgment of the court (*Slidell*, J., absent,) was pronounced by

PRESTON, J. This suit is commenced by attachment, and is brought on a store account and promissory note. A motion was made to dissolve the attachment, but did not prevail. The defendant died during the pendency of the suit, and an administrator was appointed to his succession. He answered by a general denial of the allegations in the plaintiffs' petition. Judgment was rendered in favor of the plaintiffs, also decreeing to them a privilege upon the property attached, and ordering it to be sold to satisfy their judgment. The administrator of the succession has appealed. He contends, that the law gives the plaintiffs no privilege by virtue of their attachment alone, and that the property should not be sold exclusively for the satisfaction of their judgment.

We take it for granted, that the original defendant died in this State, and that the administrator was appointed to his succession by our courts, because that is to be presumed until the contrary appears. Now, in such a case, our codes direct that all the creditors of the succession shall be ascertained (art. 1126); that a classification of their claims shall be made by the court after public notice, and between the creditors contradictorily with each other (arts 1167, 1168, 1169; Code of Practice, arts. 988, 993); until which time no payment of ordinary claims shall be made.

COLLINS
*v.*
DUFFY.

The attachment gives no privilege upon the property attached, and in case of the death of the debtor and the appointment of an administrator in this State, the law directs it to be administered as we have stated. We do not deem it necessary to decide what would have been the effect of the attachment, if the defendant had actually been a non-resident and had died out of the State.

It has indeed been often held, that process of attachment subjects the property attached to the payment of the attaching creditor. But the principle supposes that the debtor has the possession of his other property for his other creditors. If he has made a cession of all his property to all his creditors, it has been always held, that the property attached follows the cession, that the attaching creditor has no preference, but the syndic must distribute its proceeds equally among the creditors, if there be no lawful cause of preference. So, in the case of the death of the debtor and the appointment of an administrator, he is entitled to the possession and administration of all the property of the deceased. He sells and reduces it to money. If there is enough to pay all the creditors, no contest between them can arise. If there are not funds sufficient to pay all, the estate is insolvent; the attachment gives no privilege. The codes direct the administrator to have a classification of the debts made by the court, and judgment of distribution among the creditors contradictorily with each other. And in rendering the judgment, the law does not allow the attaching creditor a preference merely on account of the attachment, but directs an equal distribution among all the creditors who have no preference growing out of the nature of their debts.

Judgment should have been rendered for the amount due to the plaintiffs, to be paid in the due course of administration of the estate of the deceased, but without privilege, as none grew out of the nature of the debt, or was conferred by the proceedings in the case.

The judgment of the district court is reversed, and judgment rendered in favor of the plaintiffs against *Emêle Leonval*, administrator of *Hugh Duffy's* estate, for the sum of fifteen hundred and fifty-two dollars forty-six cents, with five per cent interest from the 17th day of May, 1851, and costs of suit, to be paid in the due course of administration of the estate. The appellees to pay the costs of appeal.