## FOREMAN BROTHERS BANKING CO. *v.* HANDY.

1. GARNISHMENT—PROCEEDINGS NOT ATTACHMENT.
   While garnishment proceedings are in the nature of an equitable attachment, they are not in fact attachment proceedings.[1]

2. SAME—STATUTORY REMEDY STRICTLY CONSTRUED.
   The garnishment statute provides a harsh remedy and must be strictly construed.[2]

3. SAME—DO NOT SURVIVE DEATH OF PRINCIPAL DEFENDANT OCCURRING BEFORE JUDGMENT.
   In view of the fact that the provisions of the probate law afford ample protection to creditors of estates, together with the fact that the legislature has provided for the survival of attachment suits but not for garnishment proceedings, *held*, that garnishment proceedings do not survive the death of the principal defendant occurring before judgment rendered.[3]

4. SAME—APPEARANCE OF ADMINISTRATOR IN PRINCIPAL CASE DID NOT CONFER JURISDICTION ON COURT IN GARNISHMENT PROCEEDINGS.
   Where the principal defendant died before judgment was rendered, the fact that the administrator of his estate appeared and pleaded in the principal case, as it was his duty to do under 3 Comp. Laws 1915, § 13879, *held*, not to confer jurisdiction upon the court in the ancillary garnishment proceeding, which the administrator moved the court to dissolve, and of which it had lost jurisdiction by the death of the principal.[4]

Certiorari to Bay; Houghton (Samuel G.), J.  Submitted December 3, 1924.  (Docket No. 16.)  Decided January 28, 1925.

Garnishment proceedings by the Foreman Brothers Banking Company against Thomas L. Handy and

---

[1]Garnishment, 28 C. J. §§ 3, 5; [2]Id., 28 C. J. § 14; [3]Id., 28 C. J. § 571; [4]Id., 28 C. J. § 571.

On effect of death of principal defendant as abating or disolving garnishment or attachment, see note in 21 A. L. R. 272.

others, principals, and the Port Huron & Detroit Railroad Company and others, garnishee defendants. After beginning of suit and before service of summons, defendant Handy died. From an order overruling a motion to dismiss by the Union Trust Company, administrator of the estate of Thomas L. Handy, deceased, said administrator brings certiorari. Reversed and remanded.

*Dykema & Wheat* (*James E. Duffy* and *Edward S. Clark*, of counsel), for appellant.

*Friedman, Meyers & Keys,* for appellee.

FELLOWS, J. On August 31, 1922, plaintiff commenced suit in assumpsit by summons issued out of the circuit court of Bay county against Thomas L. Handy and others. The writ was returnable October 18th and was not served on Thomas L. Handy. On the same day the principal suit was commenced, a writ of garnishment was issued against several garnishee defendants; it was served on them and they filed disclosures showing indebtedness in different amounts to Thomas L. Handy. On October 26th an *alias* writ in the principal suit was issued. Thomas L. Handy died October 23d. The Union Trust Company was appointed special, and later general, administrator of his estate. The estate is insolvent. The death of Mr. Handy was, on *ex parte* application of plaintiff, suggested on the record and the administrator of his estate was substituted as defendant. It appeared and pleaded in the original suit. It also moved to dismiss the garnishee proceedings for numerous reasons but its motion was overruled. Judgment was entered in the principal suit, which is not here assailed, but on this writ of certiorari the propriety of the order overruling the motion to quash the garnishment proceedings is before us.

We shall consider but one of the grounds urged against the order under consideration, as it is decisive of the question. If the garnishment proceedings did not survive the death of Thomas L. Handy, then they should be quashed unless the right to raise that question has been waived. Counsel agree that the question of whether the garnishment proceedings abate upon the death of the defendant before judgment in the principal suit is one of first impression in this court and they cite to us numerous decisions from other courts dealing with the question. We have examined the cases cited and a large number of others. Among the numerous cases examined the following cases support plaintiff's contention: *Tetzloff* v. *May,* 172 Iowa, 617 (154 N. W. 905) ; *Loubat* v. *Kipp & Young,* 9 Fla. 60; *Craig* v. *Wagner,* 88 Conn. 100 (89 Atl. 916, Ann. Cas. 1917A, 160) ; *Cunningham* v. *Burk,* 45 Ark. 267; *Tyler* v. *Winslow,* 46 Me. 348; *Smith* v. *Warden,* 35 N. J. Law, 346; *White* v. *Heavner,* 7 W. Va. 324; *Mitchell* v. *Schoonover,* 16 Or. 211 (17 Pac. 867, 8 Am. St. Rep. 282) ; *Dow* v. *Blake,* 148 Ill. 76 (35 N. E. 761, 39 Am. St. Rep. 156) ; *More* v. *Thayer,* 10 Barb. (N. Y.) 258; *Davis* v. *Shapleigh,* 19 Ill. 386; *Dyson* v. *Baker,* 54 Miss. 24; *Curle* v. *Jones,* 18 Ky. Law Rep. 785 (38 S. W. 677) ; *Hawley* v. *Isaacson,* 117 Wash. 197 (200 Pac. 1109, 21 A. L. R. 268).

Among the cases examined the following support the contention of the defendant: *Pancost* v. *Corporation of Washington,* 5 Cranch, C. C. (U. S.) 507; *McIlroy* v. *McIlroy,* 208 Mass. 458 (94 N. E. 696, Ann. Cas. 1912A, 934) ; *Vaughn* v. *Sturtevant,* 7 R. I. 372; *Collins* v. *Duffy,* 7 La. Ann. 39; *Yankton Savings Bank* v. *Gutterson,* 15 S. D. 486 (90 N. W. 144) ; *Farmers' & Mechanics' Bank* v. *Little,* 8 Watts & S. (Pa.) 207 (42 Am. Dec. 293) ; *Willing* v. *Bleeker,* 2 Serg. & R. (Pa.) 221; *Myers* v. *Mott,* 29 Cal. 359 (89 Am. Dec. 49) ; *Wooten* v. *Harris,* 5 Harr. (Del.)

254; *McEachin* v. *Reid*, 40 Ala. 410; *Reynolds* v. *Howell*, 15 Del. 52; *Reynolds* v. *Nesbitt*, 196 Pa. 636 (46 Atl. 841, 79 Am. St. Rep. 736); *Farnsworth* v. *Page*, 17 N. H. 334; *Wilmarth* v. *Richmond*, 11 Cush. (Mass.) 463; *Martin* v. *Abbott*, 1 Greenleaf (Me.), 333; *Dow* v. *Batchelder*, 45 Vt. 60.

Plaintiff's counsel relies most strenuously on *Hawley* v. *Isaacson, supra.* It is a late case and is followed by the editorial writer in an exhaustive note beginning at page 272, 21 A. L. R. But it should be noted that, in reaching the conclusion it did, the court adopted the views of the dissenting Justices (Shafter and Sawyer), in *Myers* v. *Mott, supra.* Each of these Justices wrote an able dissenting opinion, but a majority of the court signed the opinion prepared by Justice Rhodes, which is likewise an able one, and which was later followed by the California court in *Ham* v. *Cunningham*, 50 Cal. 365. We can not undertake a resumé of the cases cited within the compass of this opinion. Some of them deal with attachment, some with garnishment, some with insolvent estates, some with nonresident defendants, some are controlled by local statutes, and they are not in accord with each other. We have likewise examined some of the textbooks to see if a definite rule is enunciated by them. In Drake on Attachment (7th Ed.), § 422, attention is called to the holdings of various States on the question of abatement of attachment proceedings by death of defendant, but no definite rule is announced, and in section 698 of the same work attention is called to the Louisiana holding that garnishment proceedings abate on the death of the principal defendant before judgment. Shinn (2 Shinn on Attachment and Garnishment, § 682) lays down the rule that garnishment proceedings do not abate upon death of the principal defendant after judgment in the principal suit if execution is issued within proper time, but whether pending attachment and garnishment proceed-

ings abate on the death of the principal defendant before judgment largely depends on controlling statutes. In Waples on Attachment and Garnishment (2d Ed.), § 920, it is held that attachment abates and is dissolved on the death of the defendant, and in Rood on Garnishment, § 381, it is held that the garnishee defendant is discharged by the death of the principal defendant before judgment. The same view is entertained in Ruling Case Law (12 R. C. L. p. 860) although in the supplement (4 R. C. L. Supp. p. 770) attention is called to *Hawley* v. *Isaacson, supra.* Corpus Juris recognizes the weight of authority to be that attachment proceedings do not abate on the death of the defendant (1 C. J. p. 208), but that garnishment proceedings do (28 C. J. p. 361).

The legislature of this State has provided with considerable detail for the settlement of estates of decedents in probate court. Section 13879, 3 Comp. Laws 1915, provides:

"All actions and suits which may be pending against a deceased person at the time of his death, may, if the cause of action survives, be prosecuted to final judgment, and the executor or administrator may be admitted to defend the same, and if judgment shall be rendered against the executor or administrator, the court rendering it shall certify the same to the probate court, and the amount thereof shall be paid in the same manner as other claims duly allowed against the estate."

It will be noted that this section makes provision for the revival of a suit where "the cause of action survives." If the cause of action does not survive the section is inapplicable. By section 13911, an attachment proceeding survives (*Smith* v. *Jones,* 15 Mich. 281), but no such provision is anywhere made as to garnishment proceedings. And while garnishment proceedings are in the nature of an equitable attachment (*Bethel* v. *Judge of Superior Court,* 57

Mich. 379), they are not in fact attachment proceedings. Both are creations of the statutes which specifically provide the procedure in each case. In numerous cases this court has held that the garnishment statute provides a harsh remedy and must be strictly construed. In the consideration of our probate statutes, we must constantly bear in mind that by express legislation attachment proceedings survive but no such provision is made with reference to garnishment proceedings. We should also bear in mind that actions do not survive at common law.

An examination of our probate statutes is convincing that the legislature intended a complete scheme for the settlement of estates in probate court and made adequate provisions for administering them there. The scheme is simple, inexpensive and conserves the estate in the interest of all parties concerned. The administrator is required to make an inventory (§ 13845), to have the property appraised (§ 13846), the personal estate of the deceased and the real estate if necessary are made liable for decedent's debts (§ 13849) ; if any one has in his possession property belonging to decedent, he may be cited into probate court (§ 13851), and he may be committed for contempt if he refuses to answer or to account to the administrator or executor (§§ 13852, 13853). Section 13864 provides for the appointment of commissioners to hear claims and subsequent sections make provision for their proceedings. Section 13878 provides:

"When commissioners shall be appointed, as provided in this chapter, for examining and allowing claims against any estate, no action shall be commenced against the executor or administrator, except actions of ejectment, or other actions to recover the seizin or possession of real estate, and actions of replevin, nor shall any attachment or execution be issued against the estate of the deceased, until the expiration of the time limited by the court for the payment of debts."

By section 13883 the probate court fixes the time for the payment of debts and may extend the time (§ 13884). Section 13887 provides for payment of debts in full if the estate is solvent, but if not solvent, section 13888 provides for the payment in the following order:

"If the assets which the executor or administrator may have received, and which can be appropriated to the payment of debts, shall not be sufficient, he shall, after paying the necessary expenses of administration, pay the debts against the estate in the following order:

"1. The necessary funeral expenses;

"2. The expenses of the last sickness;

"3. Debts having a preference by the laws of the United States;

"4. Debts due to other creditors."

And section 13889 provides:

"If there shall not be assets enough to pay all the debts of any one class, each creditor shall be paid a dividend in proportion to his claim; and no creditor of any one class shall receive any payment until all those of the preceding class shall be fully paid."

Section 13912 provides:

"In no other case, except such as are expressly provided for in this chapter, shall any action be commenced or prosecuted against an executor or administrator; nor shall any writ of attachment or execution issue against such executor or administrator, or against the estate of the deceased in his hands, during the time allowed him for the payment of debts, except in the case provided for in the preceding section."

It will be noted that the provisions of our probate law provide for the collection in the hands of the administrator or executor of all the assets of the decedent; ample provision is made for proving debts against the estate before the commissioners on claims or the judge of probate, as the case may be, or in

court in pending actions which survive and in which cases the judgment may not be enforced by ordinary process but must be certified to the probate court to be paid in full if the estate is solvent, but if insolvent to be paid in the order of priority fixed by the statute; and with the single exception of pending attachment cases, issuance of execution or levy on the property of the estate is prohibited during its administration.     In *Peckham* v. *O'Hara*, 74 Mich. 287, it was said by Mr. Justice CAMPBELL, speaking for the court:

"We have searched in vain for any statute which would authorize an execution to issue against the assets of an estate for an ordinary money judgment.     The whole policy of our law remits the handling and application of assets to the probate court."

While the precise question here involved has not been before this court, in *White* v. *Ledyard*, 48 Mich. 264, this court had before it the question of whether a garnishment proceeding survived the death of the garnishee defendant occurring before disclosure.     It was held that it did not and it was there said by Justice MARSTON, speaking for the court:

"This, however, is not the way pointed out by statute for the allowance and collection of claims against an estate, and no such method as was resorted to in this case could ever have been contemplated, or is authorized by the statute relating to garnishees."

In *Hudson* v. *Saginaw Circuit Judge*, 114 Mich. 116 (47 L. R. A. 345, 68 Am. St. Rep. 465), where garnishment proceedings were instituted against the executors to collect a judgment against the estate it was said by Mr. Justice HOOKER, speaking for the majority of the court:

"I am unable to see the propriety of holding that the liability or nonliability of an executor becomes a question of fact, dependent upon the quantity of assets and ability of the executor to pay, to be tried by jury or otherwise in as many courts as there are garnishing

creditors, to the embarrassment of the settlement of estates, and the overthrow of one of the best-settled rules of general application known to the law."

When we take into consideration the provisions of our probate law which affords ample protection to creditors of estates, and have in mind the decisions and textbooks we have cited, coupled with the fact that the legislature has provided for survival of attachment suits but not for garnishment proceedings, we are constrained to hold that such garnishment proceedings do not survive the death of the principal defendant occurring before judgment.

The administrator appeared and pleaded in the principal case. It was an action of assumpsit and survived. In so doing the administrator but did its duty under section 13879, 3 Comp. Laws 1915, above quoted. The court had jurisdiction in that case but it did not have jurisdiction over the funds in the hands of the garnishee defendant after the death of Mr. Handy as we have pointed out. The appearance and plea in a case in which the court had jurisdiction did not confer jurisdiction in an ancillary proceeding which the administrator moved the court to dissolve and of which the court had lost jurisdiction.

The order under consideration will be quashed and the case remanded for further proceedings not inconsistent with this opinion. Defendant will have costs.

McDONALD, C. J., and CLARK, BIRD, SHARPE, MOORE, STEERE, and WIEST, JJ., concurred.