### FOLKERTS *v.* MARYSVILLE LAND CO.

1. Garnishment—Statutory Provisions Must be Followed.
   The proceeding in garnishment is a harsh remedy and the provisions of the statute must be followed.

2. Same—Dropping One of Parties Plaintiff No Reason For Dismissing Garnishment Proceedings.
   Under 3 Comp. Laws 1915, § 12364, providing that no action at law or in equity shall be defeated by the nonjoinder or misjoinder of parties, a garnishee defendant is not entitled to have the garnishment proceedings against it dismissed, although in the principal action, begun in the names of husband and wife, the wife was dropped as a party plaintiff and judgment was entered for the husband; there being no new cause of action.

---

[1]Garnishment, 28 C. J. §§ 14, 232; [2]Id., 28 C. J. § 568.
    240—Mich.—9.

Error to St. Clair; Law (Eugene F.), J.    Submitted October 20, 1926.    (Docket No. 25.)    Decided October 3, 1927.

Garnishment proceedings by Herman Folkerts and another against the Marysville Land Company, principal, and the Marysville Savings Bank, garnishee defendant.    From an order denying a motion to dismiss one of the parties plaintiff, and an order dismissing the garnishment proceedings, plaintiffs bring error. Reversed.

*Shirley Stewart* (*Eugene F. Black*, of counsel), for appellants.

*Walsh, Walsh & O'Sullivan*, for appellee.

STEERE, J.    This action was commenced on February 13, 1925, by Herman H. Folkerts and Lilly Folkerts, husband and wife, against the Marysville Land Company as defendant.    On the same date and in the same cause an affidavit for writ of garnishment was filed, and a writ of garnishment issued and served on Marysville Savings Bank as garnishee.    The garnishee filed a disclosure denying liability.    Plaintiffs demanded an examination of the garnishee as authorized by statute, and after such examination defendant filed demand for trial of its liability to the principal defendant.    The principal action proceeded to trial, and upon production of the contracts in court by the defendant, Marysville Land Company, counsel for plaintiffs first learned that plaintiff Herman H. Folkerts was the only vendee named therein.    At the close of the proofs counsel moved that plaintiff Lilly Folkerts be dropped as a party plaintiff, and the motion was granted.    A verdict was then directed by the court for the plaintiff Herman H. Folkerts against the defendant Marysville Land Company, and judg-

ment was duly entered thereon.   From that judgment appeal was taken to this court by the principal defendant, where it was subsequently affirmed (*Folkerts v. Marysville Land Co.,* 236 Mich. 294).

On June 20, 1926, a stipulation was filed between counsel, setting the trial of the garnishee's liability for July 12, 1926.   On June 25, 1926, plaintiff moved that in the garnishee proceeding an order be entered dismissing Lilly Folkerts as a party plaintiff, and on the same day the garnishee defendant filed a motion for dismissal of the garnishment proceedings because "the action in which the writ of garnishment was issued has been dismissed."   Upon hearing of those motions the court entered an order denying plaintiff's motion for an order to dismiss Lilly Folkerts as plaintiff and a "final order" dismissing the garnishment proceedings.   Plaintiff has removed the case to this court by writ of error, under section 13163, 3 Comp. Laws 1915, and the case of *Brotherton Co. v. Jackson,* 231 Mich. 605.

The principal question raised by the assignments of error is whether or not a change of parties in the principal suit entitles the garnishee to dismissal.   It is conceded that the proceeding in garnishment is a harsh remedy and the provisions of the statute must be followed (*Foreman Brothers Banking Co. v. Handy,* 229 Mich. 635) but denied by appellants that what was done amounted to a discontinuance of the principal case, citing *Bethel v. Judge of Superior Court,* 57 Mich. 379.   That case was commenced against two principal defendants, but the judgment was taken against only one of them because the other was an infant.   Justice CHAMPLIN, speaking for the court, said in part:

"The judgment rendered against Louis N. Moran, in this case, was a judgment in the principal suit. Contingencies may arise during the prosecution of any suit by which a change of parties upon the record

may become necessary, and the parties in whose favor judgment may be rendered will not be the same as those mentioned in the writ or declaration by which the suit was commenced.    If suit is instituted by or against members of a firm, and one should die before judgment, it would proceed in the name of the surviving partners.    So, if suit should be commenced by or against joint contractors, and one should die pending the same and before judgment, it could be revived and proceeded with in the name of the survivor.    In these cases the judgments recovered would be in the same suits, and if garnishee proceedings had been instituted at the time the original suits were commenced, the change of parties to the record would not have discharged the garnishees, nor operated to discontinue the proceedings against them.    To give the statute any other construction would not only defeat its object, but lead in some cases to strange and obnoxious results.    *    *    *

"The proper construction to be given to this section of the statute is this:    In all cases where judgment is rendered in favor of the plaintiff in the principal suit a garnishee is not discharged or entitled to judgment of discontinuance by a change of parties to the record, where the claim was one that was garnishable at the time of service of process."

The bench law of that decision has since been ratified in effect and strengthened by our judicature act as follows:

"No action at law or in equity shall be defeated by the nonjoinder or misjoinder of parties.    New parties may be added and parties misjoined may be dropped, by order of the court, at any stage of the cause, as the ends of justice may require."    3 Comp. Laws 1915, § 12364.

This is in no sense a new cause of action.    The important question, so far as the garnishee defendant is concerned, is whether it had anything of the principal defendant's which was garnishable.    That question is not affected by whether there was one or two plaintiffs in the principal case.    The plaintiff should

have been permitted an order dismissing Lilly Folkerts as a plaintiff and the issue as to whether the garnishee defendant was indebted to the principal defendant should have been tried.

The judgment of dismissal is reversed, with costs to the appellants, and the case remanded for further proceedings in harmony with this opinion.

SHARPE, C. J., and BIRD, SNOW, FELLOWS, WIEST, CLARK, and MCDONALD, JJ., concurred.