HOBAN v. EQUITABLE & CENTRAL TRUST CO.

1. EXECUTORS AND ADMINISTRATORS—JUDGMENT AGAINST ADMINISTRATOR SHOULD BE CERTIFIED TO PROBATE COURT FOR ALLOWANCE. Where principal defendant died after suit was commenced, and judgment was entered against administrator of his estate, circuit court should have certified it to probate court for allowance as claim against estate (3 Comp. Laws 1929, § 15689).

2. GARNISHMENT—DEATH OF PRINCIPAL DEFENDANT BEFORE JUDGMENT—EXECUTORS AND ADMINISTRATORS. Where principal defendant died before judgment was rendered, and judgment was entered against administrator of his estate, court was without jurisdiction to enter judgment against garnishee defendant in ancillary garnishment proceedings, since such proceedings do not survive death of principal defendant occurring before judgment.

Appeal from Wayne; Spier (James E.), J., presiding. Submitted June 15, 1932. (Docket No. 149, Calendar No. 36,625.) Decided September 16, 1932.

Garnishment proceedings by Marion Hoban against Equitable & Central Trust Company, administrator, principal defendant, and Citizens Mutual Automobile Insurance Company, a Michigan corporation, garnishee defendant. Judgment for plaintiff against garnishee defendant. Garnishee defendant appeals. Reversed, and judgment ordered entered for garnishee defendant.

*Colombo, Colombo & Colombo,* for plaintiff.

*Perry W. Richwine,* for principal defendant.

*Chas. C. Conklin* and *Don W. Van Winkle,* for garnishee defendant.

Sharpe, J.  A judgment in favor of the plaintiff for damages sustained in an automobile accident against the defendant trust company, administrator of the estate of Charles E. Ryder, was affirmed by this court. 257 Mich. 188. After recovery of the judgment in the circuit court, a writ of garnishment was issued and served upon the defendant insurance company, which had issued a policy protecting Ryder, "his heirs or executors," against loss or expense arising out of his ownership or use of his automobile in a sum not exceeding $5,000.

After the remittitur from this court affirming the judgment had been filed in the circuit court, the garnishee suit was brought on for hearing. It appears from the statement of facts that the garnishee then admitted its liability under its policy, but questioned the right of the court to enter a judgment in

favor of the plaintiff. From a judgment so entered the insurance company has taken this appeal.

Section 15689, 3 Comp. Laws 1929, reads as follows:

"All actions and suits which may be pending against a deceased person at the time of his death, may, if the cause of action survives, be prosecuted to final judgment, and the executor or administrator may be admitted to defend the same, and if judgment shall be rendered against the executor or administrator, the court rendering it shall certify the same to the probate court, and the amount thereof shall be paid in the same manner as other claims duly allowed against the estate."

Under this statute, it was the duty of the circuit court, after affirmance of the judgment by this court and remittitur filed in that court, to certify the same to the probate court. It does not appear that the decision of this court in *Foreman Brothers Banking Co.* v. *Handy*, 229 Mich. 635, was called to the attention of the trial court. In that case the writ of summons was issued during the lifetime of the defendant Handy, but served upon his administrator after his death. After due consideration and a review of the authorities, this court held "that such garnishment proceedings do not survive the death of the principal defendant occurring before judgment."

The statute provides the manner in which claims against an estate may be presented, allowed, and paid. When the judgment rendered was affirmed by this court, the trial court should have certified it to the probate court, and it then would have been allowed as a claim against the estate. On the attention of the administrator having been called to the liability of the insurance company under its policy, it would have been its duty to make claim therefor,

and the amount due thereunder would doubtless have been paid to it, or, if not, payment thereof duly enforced.   The proceedings which may be taken in such a case were considered in *Exo* v. *Detroit Automobile Inter-Insurance Exchange, ante,* 578.

Counsel for the plaintiff, however, insist that the judgment here appealed from was entered by consent, and for that reason should be affirmed.   This claim is based upon a statement made by counsel for the garnishee defendant in a brief filed in the trial court, in which it was said:

"I have no objection to such a judgment being entered but will ask that a judgment of no cause for action be entered on the statutory issue in the case of *Edward Hoban* v. *Charles Ryder* and in the case of *Bertha Solomon* v. *Charles Ryder.*"

This brief was filed on April 9, 1932, and judgment then entered for the plaintiff.   A motion to set the same aside was thereafter filed.   On the hearing thereof attention was again called to the judgments in favor of Edward Hoban and Bertha Solomon, arising out of the same accident, and which had been affirmed by this court (257 Mich. 188; 257 Mich. 193), and to the fact that a similar action, brought by Anna Sullivan, was then pending.   The right of these parties to participate in the moneys due from the insurance company was discussed.   After the argument was concluded, the court took the matter under advisement, and, apparently without filing any opinion, denied the motion to vacate the judgment which had been theretofore entered.

As the court was without jurisdiction to enter this judgment, we are of the opinion that the appellant is not, under the circumstances, precluded from attacking its validity.

The judgment entered is reversed and set aside, with costs to appellant, and the cause remanded, with direction to the trial court to enter a judgment in favor of the garnishee defendant.

CLARK, C. J., and McDONALD, POTTER, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.