## ARLT *v.* KING.

1. EQUITY—CONSENT DECREE—RECORD.

   Claim that decree entered in suit to enjoin violation of building restrictions was a consent decree was not supported by record showing colloquy between court and counsel at time of settlement of proposed decree for plaintiffs, where there is no agreement that a decree might be entered for plaintiffs, no stipulation to that effect, and decree itself does not indicate that it was a consent decree.

2. COVENANTS — RECIPROCAL NEGATIVE EASEMENTS — RESIDENTIAL USE.

   Defendants' lots were burdened with reciprocal negative easement restricting lots to use for residence purposes only and to 1 residence per lot where first restriction was in recorded deeds from common grantors as to all lots in subdivision and second in many of such recorded deeds and defendants, although their deeds did not include such latter restriction, had actual knowledge thereof.

---

REFERENCES FOR POINTS IN HEADNOTES

[2–5] 14 Am Jur, Covenants, Conditions and Restrictions, § 243.

[2–5] "Tourist Home" or tourist camp as violation of restrictive covenant as to use of real property. 127 ALR 853.

[2–5] Construction and application of covenant restricting use of property to "residence" or "residential purposes." 175 ALR 1191.

[2–5] Lodging or boardinghouse conducted as a business, or taking roomers or boarders as incidental to principal use of premises as a home, as within prohibition of zoning statute or ordinance or restrictive covenant. 124 ALR 1011.

[7] 14 Am Jur, Covenants, Conditions and Restrictions, § 208.

[7] Restrictive covenants, conditions, or agreements in respect of real property discriminating against persons on account of race, color, or religion. 3 ALR2d 466.

[7] Provision in deed or contract for sale of real property or agreement between property owners discriminating against persons on account of race, color, or religion. 66 ALR 531; 114 ALR 1237.

(645)

3. SAME—SUMMER-RESORT SUBDIVISION—RESIDENTIAL · USE.

Finding of trial court from testimony and conveyances that 1 block in summer-resort subdivision was restricted for use for residences, with 1 on each lot, was intended for substantial summer homes, with commercial use of the lots prohibited *held,* not error in suit to enjoin violation of building restrictions.

4. SAME—NOTICE OF RESTRICTION—RECORDING.

Restrictions of record in many other conveyances of lots in same subdivision *held,* sufficient notice, under the circumstances, to defendants in suit to enjoin violation of such restrictions, where such defendants had actual notice of entire restriction although some part of the restriction was inadvertently left out of conveyance to them by one who was not the common grantor.

5. SAME—RESIDENTIAL RESTRICTION—COMMERCIAL USE—TOURIST-COURT BUSINESS.

Use of residence on part of 1 of 4 lots as office from which to rent and operate 6 cabins and cottages as a tourist-court business on balance of such lots, renting them by the week, for week ends, or overnight constituted business and commercial uses and a violation of restrictions on property to use for residence purposes and 1 residence to a lot.

6. APPEAL AND ERROR—GRATUITOUS RELIEF.

Gratuitous relief afforded in trial court's decree by reason of its nonconformance with prayer for relief is stricken on appeal.

7. COVENANTS—RESTRICTION TO USE OF CAUCASIAN RACE.

A restriction that property may be used only by members of the Caucasian race is not a valid restriction.

Appeal from Iosco; Dehnke (Herman), J. Submitted June 7, 1950. (Docket No. 25, Calendar No. 44,558.) Decided October 10, 1950.

Bill by Erwin A. Arlt and others against James Pearl King and wife to restrain violation of building and use restrictions. Decree for plaintiffs. Defendants appeal. Modified and affirmed.

*Floyd T. Fuss,* for plaintiffs.

*James V. Finkbeiner* (*Alfred P. Pierson,* of counsel), for defendants.

BOYLES, C. J. The parties in this case are owners of lots in Huron Pine Beach, a platted subdivision of resort property on Lake Huron, in Iosco county. The bill of complaint was filed to enjoin the defendants from violation of claimed building restrictions by the defendants' use of their lots, to compel the defendants to remove from their lots all cottages in excess of 1 cottage on each lot, and to prevent the use of said lots for commercial purposes. After a hearing on the merits, the court held that said lots were restricted to use for residence purposes only, with but 1 residence on each lot, that the defendants had violated the restrictions, and entered a decree accordingly, enjoining the defendants from further violation. The defendants appeal.

Preliminary to consideration of the merits, the plaintiffs claim that the decree as entered was a consent decree and, hence, must be affirmed as such. The record does not support the claim. After the filing of an opinion by the court, certain problems came up for consideration before the court at a hearing on the settlement of a proposed decree for plaintiffs. The colloquy between court and counsel at that hearing is in the record. While concessions were made in some respects as to what might be consented to, there was no agreement that a decree might be entered for the plaintiffs, no stipulation filed to that effect, nor does the decree itself indicate that any part of it is a consent decree. It is not.

The lots involved in this litigation are in block A of said subdivision. At least 24 of the 33 lots in said block have been sold by the plattors. In each conveyance from the common grantors a restriction has

been included to the effect that the property is restricted to residence purposes only. Most of them also contain a provision that there should not be more than 1 residence on a lot. The conveyances were recorded. Plaintiff Arlt and his wife acquired a lot in said block in 1940 or 1941, with the above restrictions. Subsequently, plaintiffs Bolton, Rose, Ryckeman, and Adamson became owners of lots by deeds from the common grantors, with the same restrictions (Adamson's lot is in block B). It is conceded that the other conveyances of the 24 lots in block A, sold by the common grantors, contain the same restriction of use for residence purposes only, and that many of them also add "with but 1 residence on any lot." Defendants became owners of lots 15–16–17–18 in said block A in 1945, the conveyance containing a restriction that the property was to be used for residence purposes.

While there is no general uniformity of expression in the language used in the conveyances, all contained a restriction of use to residential purposes, and a large percentage also with the added restriction as to only 1 residence on a lot. The conveyances were recorded, the defendants not only had constructive notice of the restrictions, but also had actual knowledge, from their grantors and others. The record is convincing that defendants' lots were burdened with a reciprocal negative easement as to use for residence purposes only, limited to 1 residence on each lot. The trial court did not err in finding from the testimony and the conveyances that block A was restricted to use for residences, with only 1 on each lot, was intended for substantial summer homes, with commercial use of said lots prohibited. See *Sanborn* v. *McLean,* 233 Mich 227 (60 ALR 1212).

The defendants divided their lots 15 and 16 and part of lot 17 into 6 smaller lots, consisting of 3 lots north and south, and 2 lots east and west. They pro-

ceeded to erect a cabin or cottage on each of the 6 smaller lots, to be rented to tourists and resorters. When defendants started the foundations they were repeatedly notified of the restrictions by the protests of other lot owners. Furthermore, the restrictions of record in many other conveyances were sufficient notice to the defendants, when considered in connection with the other circumstances in the instant case, although some part of the restriction was inadvertently left out of their conveyance from one who was not the common grantor. *Nerrerter* v. *Little,* 258 Mich 462.

The defendants used their residence on their property as an office from which to rent and operate their cabins and cottages as a tourist-court business, renting them by the week, for week ends, or overnight. Defendant King admitted:

"At the present time, I am renting such cottages to people who come to me. I have a sign at the road, 'Cottages for rent.' * * * I rent the cottages near the road for $45 a week. I get $55 a week for the cottages nearer the lake. The longest period of time I have had any of these cottages rented to one person was 2 weeks."

The record supports the conclusion of the trial court that the defendants use their lots for business and commercial purposes.

The decree as entered enjoins the defendants from using their lots for business or commercial purposes or renting the same "for any period not less than 1 year." Said limitation as to the rental period is gratuitous relief, not conforming to the prayer, and will be eliminated. The provision against having more than 1 cottage upon any one lot is proper, as is the provision which permits the defendants to convert the cottages in excess of 1 on each lot into garages, or otherwise requires their removal. The

decree also restricts the use of defendants' cottages to persons of the Caucasian race, conforming to some restrictions in some of the conveyances of lots in said block. Such provision must be deleted. *Shelley* v. *Kraemer,* 334 US 1 (68 Sup Ct 836, 92 L ed 1161, 3 ALR2d 441), reversing *Sipes* v. *McGhee,* 316 Mich 614. A decree may be entered in this Court affirming the decree as entered, with the above exceptions, with costs to appellees.

REID, NORTH, DETHMERS, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.