## SWARTZ *v.* LAURENCELLE.

1. JUDGMENT—ENTRY—APPEARANCE OF ATTORNEY—CONSENT.

Entry of judgment for plaintiff in action at law on strength of *ex parte* representations of plaintiff's attorney that attorneys for substituted defendants had consented to such entry *held*, reversible error, where no attorney for such substituted defendants had appeared in the cause, no one authorized by them had appeared when the case was called, no stipulation for entry of judgment had been filed or submitted to the court, record does not show that the substituted defendants even knew that the case was being called up, and judgment is promptly attacked by a party entitled so to do.

2. PRINCIPAL AND SURETY—BOND RELEASING GARNISHMENT—STATUTES.

Obligor principal and surety under bond releasing garnishment bound themselves by a joint and several contract, rather than by operation of the garnishment statute, to pay any judgment which, upon trial of the principal case, might be rendered against the principal defendant (CL 1948, §§ 628.44, 628.44a.)

3. CONTRACTS—DEATH OF OBLIGOR—ABATEMENT OF ACTION—BOND RELEASING GARNISHMENT—EXECUTION AGAINST SURETY.

A cause of action for breach of contract to pay for services rendered does not abate upon the death of the principal defendant, and where he filed a bond releasing garnishment and judgment is rendered against the substituted fiduciary defendants, execution may issue against the surety on the bond to the extent provided by statute under which the bond had been furnished (CL 1948, §§ 628.44, 628.44a).

4. COSTS—BRIEFS.

No costs are awarded on reversal of judgment for plaintiff against surety under bond releasing garnishment, where ap-

REFERENCES FOR POINTS IN HEADNOTES

[1] 30A Am Jur, Judgments §§ 671–680.
[2] 50 Am Jur, Suretyship §§ 29–39.
[3] 50 Am Jur, Suretyship § 132.
[4] 14 Am Jur, Costs §§ 10, 11, 97, 99.
[5] 5 Am Jur 2d, Appeal and Error § 726.
[6] 50 Am Jur, Suretyship §§ 161, 325.

pellees filed no brief and appellant has prevailed as to only 1 of its presented and reviewed questions.

5. APPEAL AND ERROR—QUESTIONS REVIEWABLE.
The function of the Supreme Court in the exercise of its appellate jurisdiction in an action at law is restricted to the test of questions which, in the court below, have been raised and saved for review.

6. PRINCIPAL AND SURETY—BOND RELEASING GARNISHMENT—SIGNATURES.
Surety on bond releasing garnishment may not avoid liability thereunder, where the garnisheed funds were released after the bond was approved by the circuit judge and filed, by reason of want of signature on the bond of the principal defendant, since the bond is a contract of insurance or guaranty for which surety was paid to take the risk, and where no prejudice to surety is shown because of want of principal defendant's signature (CL 1948, §§ 628.44, 628.44a).

CARR, C. J., and DETHMERS and KELLY, JJ., dissenting.

Appeal from Oakland; Beer (William John), J. Submitted May 8, 1963. (Calendar No. 49, Docket No. 50,147.) Decided September 4, 1963.

Assumpsit by Walter C. Swartz against Charles A. Laurencelle, individually and doing business as Laurencelle Realty Company. Garnishment against Wayne Oakland Bank, a Michigan banking corporation, released on bond by the Summit Fidelity & Surety Company of Akron, Ohio, an Ohio corporation. After death of principal defendant, judgment taken against him, and writ of execution issued against surety company. Motion for order releasing surety and canceling bond denied. Summit Fidelity & Surety Company appeals. Reversed as to judgment against principal defendant, which judgment is vacated. Affirmed as to order which continues obligation of surety. Cause remanded.

*Manuel Zechman*, for the Summit Fidelity & Surety Company of Akron, Ohio.

KELLY, J. (*dissenting*). Plaintiff instituted suit on October 24, 1960, in the Oakland county circuit court against the principal defendant, Charles Laurencelle, individually, and under the firm name of Laurencelle Realty Company, claiming damages in the amount of $10,000. On that date plaintiff also caused a writ of garnishment to be issued against the Wayne Oakland Bank as garnishee defendant, and the bank filed a disclosure admitting liability to the principal defendant in the amount of $9,769.25.

Defendant Charles Laurencelle entered an appearance by his attorney and, upon court approval, filed a garnishment release bond in the sum of $20,000, upon which the appellant herein, Summit Fidelity & Surety Company of Akron, Ohio, was surety and Laurencelle was principal. An order was then entered releasing the garnishee defendant, Wayne Oakland Bank, from further liability.

Trial was set for February 16, 1961. On January 11, 1961, the principal defendant, Charles Laurencelle, died, and deceased's attorney requested an adjournment of the trial to March 21, 1961, for the reason that uncertainty existed as to who was to represent the estate of the defendant.

The Oakland probate court appointed Michael A. Laurencelle and Bartlette E. Nutter as coadministrators of decedent's estate. Plaintiff then filed a motion in the circuit court asking that the coadministrators be substituted as defendants in place of the deceased, Charles Laurencelle, and the court entered an order granting plaintiff's motion.

Plaintiff, by his attorney, obtained a judgment on April 24, 1961, in the amount of $7,347.76. The following is a portion of the hearing at time of taking the judgment against the deceased:

"*The Court:* In other words, he (attorney for deceased's estate) agrees to the entry of judgment?

"*Mr. O'Connor* (plaintiff's attorney): Yes, he does, Your Honor.

"Now, you may wonder why this claim or why this indebtedness was not entered as a claim in the probate court, and the reason that it is not being done in that manner is that the estate of Charles A. Laurencelle is insolvent and we had at a prior date obtained a garnishment and in lieu of the garnishment were served a bond in the amount of $20,000. So we felt it would be better to proceed in the circuit court rather than let it go down to the probate court.

"*The Court:* Then you are asking for a consent judgment in the amount of $7,347.76?

"*Mr. O'Connor:* That's right, Your Honor.

"*The Court:* All right, I will grant the consent judgment and will you prepare the order and have it initialed in the usual way by the other side.

"*Mr. O'Connor:* Yes, Your Honor.

"*The Court:* That is all that is necessary.

"*Mr. O'Connor:* You don't want to take any testimony?

"*The Court:* Not if they consent to it, and you say they have consented to it?

"*Mr. O'Connor:* Yes, Your Honor.

"*The Court:* The record will show consent judgment in the amount set forth and that an order will be presented to the court for signature.

"*Mr. O'Connor:* Thank you, Your Honor.

"*The Court:* Thank you."

Judgment was entered against deceased and not against his administrators. Plaintiff then obtained an order for issuance of writ of execution for levy and seizure of the surety on the garnishment release bond.

On June 14, 1962, the Summit Fidelity & Surety Company filed a motion for order releasing it from liability, quashing the writ of execution, and canceling the garnishment release bond.

Notice to all parties in interest was given and the motion of Summit Fidelity & Surety Company came on for hearing on July 23, 1962. Plaintiff's attorney appeared at this hearing, but did not file an answer or other pleading in opposition to appellant's motion, nor has he filed a brief in this Court. Arguments on the motion were made by counsel off the record, and the court concluded the hearing by stating, "I feel that this undertaking is such that the motion must be and it is denied, Mr. Zechman (attorney for surety)."

Summit Fidelity & Surety Company appeals to this Court from the circuit court order denying its motion.

Appellant contends that the judgment entered below is void because the principal defendant, Charles Laurencelle, died 3 months before the judgment was entered and, therefore, was not a party defendant to this cause at time of entry of judgment; that the coadministrators were the proper parties against whom judgment should have been entered, under CL 1948, § 708.23 (Stat Ann 1943 Rev § 27.3178[433]), particularly since plaintiff moved the trial court to substitute the coadministrators in place of defendant Charles Laurencelle. Appellant further contends that garnishment proceedings are not included in those which survive the death of the principal defendant; that a writ of execution may not issue upon a void and ineffective judgment, and that no liability exists against a surety on a garnishment release bond where no valid judgment has been rendered against the principal obligor.

The record reveals that at the time of taking the consent judgment only the attorney for plaintiff was present; that the court in granting judgment required plaintiff's attorney to have an order for said judgment initialed by defendant's attorney; however, the record clearly indicates defendant's attorney

never stipulated in writing to the judgment against deceased.

We have held that where there is no consent by the parties to a judgment, nor a stipulation that a judgment is agreed upon, then there is no consent judgment. See *Arlt* v. *King,* 328 Mich 645.

The trial court instructed plaintiff's counsel to have the order for judgment initialed by defendant's attorney. This counsel failed to do. Mere colloquy between court and plaintiff's counsel does not amount to a consent judgment.

The statute[1] provides that the administrator or executor may be substituted in actions that survive the decedent. In the instant controversy, even though plaintiff moved to have the coadministrators substituted as party defendants, judgment was entered against the deceased personally, instead of against the administrators of his estate. The trial court could not enter judgment in this cause against the deceased once the coadministrators were substituted as party defendants in lieu of the decedent.

The final question presented in this appeal is whether the obligation of a surety on a garnishment release bond, issued and filed prior to judgment, survives the death of the principal defendant against whom no judgment was obtained prior to his death.

The legislature has provided by statute (CL 1948, § 612.32 [Stat Ann § 27.684]) those actions that survive the death of an individual:

"In addition to the actions which survive by the common law the following shall also survive, that

---

[1] "All actions and suits which may be pending against a deceased person at the time of his death may, if the cause of action survives, be prosecuted to final judgment, and the executor or administrator may be admitted to defend the same, and if judgment shall be rendered against the executor or administrator, the court rendering it shall certify the same to the probate court, and the amount thereof shall be paid in the same manner as other claims duly allowed against the estate." CL 1948, § 708.23 (Stat Ann 1943 Rev § 27.3178 [433]).

is to say, actions of replevin, actions for the conversion of property, for deceit, for assault and battery, for false imprisonment, for negligent injuries to persons, for damages done to real and personal estate, and actions to recover real estate, or any interest therein, where persons have been induced to part with the same through fraudulent representations and deceit."

The statutory language clearly does not provide for survival of garnishment proceedings where a party to litigation dies before judgment is taken. In *Foreman Brothers Banking Co.* v. *Handy,* 229 Mich 635, we held:

"In view of the fact that the provisions of the probate law afford ample protection to creditors of estates, together with the fact that the legislature has provided for the survival of attachment suits but not for garnishment proceedings, *held,* that garnishment proceedings do not survive the death of the principal defendant occurring before judgment rendered." (Syllabus 3.)

The rule of *Foreman, supra,* was also followed in *Hoban* v. *Equitable & Central Trust Co.,* 259 Mich 586, wherein it was held:

"Where principal defendant died before judgment was rendered, and judgment was entered against administrator of his estate, court was without jurisdiction to enter judgment against garnishee defendant in ancillary garnishment proceedings, since such proceedings do not survive death of principal defendant occurring before judgment." (Syllabus 2.)

This Court has interpreted the garnishment statute[2] to provide a harsh remedy and it must, therefore, be strictly construed. See *Foreman Brothers Banking Co.* v. *Handy, supra.* Plaintiff's failure to

[2] See CL 1948, § 628.1 *et seq.,* as amended (Stat Ann § 27.1855 *et seq.,* as amended).—REPORTER.

obtain judgment against the principal defendant prior to his death releases the surety from further obligation on the bond issued on the principal defendant and, therefore, a writ of execution may not issue against the deceased individual or the surety.

Neither the deceased nor his coadministrators are proper parties against whom a valid judgment may now be obtained for the purpose of binding the *surety and appellant,* since both the statute and the bond provide that liability attaches only if judgment is obtained against the principal defendant during his lifetime. In this respect the language of said bond is significant. The final paragraph thereof reads as follows:

"Now, if the said Charles A. Laurencelle, individually, and d/b/a Laurencelle Realty Company, principal defendant, shall pay any judgment obtained (*sic*) him by the said Walter C. Swartz, plaintiff in said action, and abide the order of the court therein, then this obligation is to be void and notwithstanding; otherwise to remain in full force and effect."

By the express language quoted it is obvious that the parties contemplated that liability thereunder should depend on plaintiff Swartz obtaining a judgment against Laurencelle which the latter was obligated to pay. This suggests that the parties contemplated that the bond should operate to continue in effect the rights of the plaintiff obtained by the issuance of garnishment proceedings.

The bond was given pursuant to permission granted by CL 1948, § 628.44 (Stat Ann § 27.1898)[3] and its validity and the interpretation of its provisions must be determined accordingly. Said section provided in part:

_____

[3] See revised judicature act (CLS 1961, § 600.4045, Stat Ann 1962 Rev § 27A.4045); GCR 1963, 738.15.

"The principal defendant in any such action, wherein process of garnishment shall have been issued, may at any time after service of such process, and previous to the rendering of judgment thereon, file with the clerk of the court his bond, with at least 2 sufficient sureties, to the plaintiff as obligee in a penal sum equal to double the amount of the claim of the plaintiff, as sworn to in the affidavit filed for the writ of garnishment, and with conditions to pay any judgment obtained against the defendant or defendants in such action, and abide the order of the court therein, and which bond and the sureties thereof shall be previously approved by the judge of the court or circuit court commissioner, on a notice of at least 24 hours, to the plaintiff or his attorney, of the time and place of presenting such bond for approval. * * * On filing such bond so approved, with the clerk of the court, the proceedings in garnishment shall be thereby discontinued, and the costs thereof shall abide the event of the principal suit; and if the plaintiff shall recover judgment against the principal defendant, on application to the court, execution thereon may be ordered to issue against the sureties in such bond, as well as the defendant."

It will be noted from the language of the statute that recovery of judgment against the principal defendant is prerequisite to an order for the issuance of execution against the surety on the garnishment release bond. For the reasons above indicated the judgment entered in terms against Charles A. Laurencelle was a nullity. Appellant's motion for an order of the court quashing the writ of execution, discharging appellant from any liability on the bond and for the cancellation of such bond, should have been granted.

It may be further noted that the statute providing for the filing of a bond to obtain the discontinuance of garnishment proceedings contemplates that the

defendant against whom judgment is sought shall execute and file the obligation, with sureties to be approved by the court. It does not appear, however, from the record before us that the bond in question in the instant case was signed by Charles A. Laurencelle, against whom plaintiff Swartz sought judgment. If such was the situation it is apparent that the bond did not comply with the statutory requirements, and its filing did not afford a proper basis for the discontinuance of the garnishment proceedings. However, as held in the cases above cited, such proceedings terminated on the death of Laurencelle.

The order should be reversed and remanded with instructions that an order be entered quashing the writs of garnishment and execution and canceling the garnishment release bond. The appellant should be released from liability as surety on the writs of garnishment and execution. Appellant should have costs.

CARR, C. J., and DETHMERS, J., concurred with KELLY, J.

BLACK, J. When this case was called up by the clerk below, the following colloquy opened and proceeded:

"*The Court:* Where is the other side?

"*Mr. O'Connor:* I want to explain that, Your Honor. They are not going to be present today. This action was started by way of declaration and summons and the defendant was personally served by said summons. Mr. Jerome Cavanagh made an appearance and also served an answer.

"This is an action in assumpsit and briefly it states that the defendant is indebted in the sum of $7,347.76 for labor performed by the plaintiff for the defendant at the request of the defendant from approxi-

mately July 15, 1959 to July 1 of 1960. Many requests were made for this payment but no payment was ever made.

"On January 11th of 1961, the defendant took his life in Detroit, Michigan. Trial was set for February 16th of 1961, and due to the death of the defendant it was agreed to by all the parties that a continuance was to be had and it was from February 16th to, I believe, March 21st.

"On March 10th an affidavit of death and a motion by the plaintiff for substitution was filed, and on the basis of this motion and affidavit an order was granted for substitution of the coadministrators, Michael A. Laurencelle and Bartlette E. Nutter. They were substituted in the place of Charles A. Laurencelle.[1]

"On March 17th, Mr. Cavanagh, the attorney, wrote to the court and asked for another extension based on the fact that he anticipated being appointed as attorney for the coadministrators and that Mr. Walter Murray had so agreed to appoint him and was going to petition the probate court for this hearing and Mr. Cavanagh was waiting on this appointment; which as far as he was aware of, up to last Friday, April 21st, had never gone through the probate court. He called me this forenoon and stated that he was not going to defend this case, that I could take a judgment; that he had talked with Mr. Walter Murray, who is the attorney for the estate, and he stated the same thing, that he was agreeable to having us this day have a judgment entered in this matter.

*"The Court:* In other words, he agrees to the entry of judgment?

*"Mr. O'Connor:* Yes, he does, Your Honor."

---

[1] This was done under then Court Rule No 49 (1945), by order filed March 10, 1961, reading:

"It is ordered that Michael A. Laurencelle and Bartlette E. Nutter administrator be substituted as a party defendant in the place of said Charles A. Laurencelle and that this cause proceed against the party defendant so named above."

The circuit judge erred reversibly in entering judgment, against the substituted defendant fiduciaries, upon sole strength of the foregoing *ex parte* representations of plaintiff's counsel. No attorney for such substituted defendants had appeared in the cause. Neither did anyone authorized to represent them appear when the case was called. No stipulation for entry of any judgment had been filed or submitted to the court, and there is no suggestion that the substituted defendants even knew that the case was being called up.

A judgment for the plaintiff, entered upon alleged consent of the parties, when neither the defendant nor anyone authorized by the defendant has appeared and consented and there is no stipulation or other writing of consent, is voidable if promptly attacked. That has been done here, by a party standing in the shoes of its cosigning principal and entitled so to do. See *Corbitt* v. *Timmerman,* 95 Mich. 581, 583 (35 Am St Rep 586); followed in *August* v. *Collins,* 265 Mich 389, 396. The attacked judgment therefore should be and is vacated.

The appellant surety wants more. It says that the death of the original defendant resulted in legal abatement of the garnishment proceedings and that such abatement effected a release of its obligation under the statutory bond (see CL 1948, §§ 628.44, 628.44a [Stat Ann and Stat Ann 1959 Cum Supp §§ 27.1898, 27.1898(1)]), the bond by which the principal defendant, during his lifetime, brought about with appellant's assistance prompt release of such principal defendant's garnished bank account and statutory discontinuance of the then pending garnishment proceedings.

In support appellant cites *Foreman Brothers Banking Co.* v. *Handy,* 229 Mich 635, and *Hoban* v. *Equitable & C. Trust Co.,* 259 Mich 586. Neither case has present application. Both hold only that

garnishment proceedings abate upon death of the principal defendant, "occurring before judgment." In the case at bar there were no garnishment proceedings to abate when the principal defendant died. Such proceedings had terminated, and had been discontinued under the statute, long before the principal defendant died. They had been supplanted voluntarily by a new and legally surviving contractual obligation of the principal and surety when they filed this bond and bound themselves, jointly and severally, to pay any judgment which, upon trial of the principal case, might be rendered against such principal defendant. Being so bound by contract, rather than by operation of the garnishment statutes, the deceased principal's estate and the statutory surety remain bound to pay any judgment which, upon due but not yet had trial below, may be entered in plaintiff's favor against the substituted fiduciaries.

Finally, it is not claimed, nor could it be, that plaintiff's cause against the principal defendant abated upon the latter's death. If there had been no garnishment proceedings, the cause could and probably would have proceeded to trial and judgment in circuit under CL 1948, § 612.34 (Stat Ann § 27.686). It may now so proceed and, if a judgment is rendered against the substituted fiduciary defendants, execution may issue against the appellant surety to the extent provided by CL 1948, §§ 628.44, 628.44a. Said sections 628.44 and 628.44a, although now repealed (PA 1961, No 236, § 9901 [CLS 1961, § 600.9901 (Stat Ann 1962 Rev § 27A.9901)]), were in effect between the time of commencement of this suit and entry of the circuit court's judgment, and were quite consistent with the appellant surety's obligation to make good to the extent of its contracted commitment.

Reversed and remanded as indicated above. No brief for appellees having been filed, and appellant

having prevailed as to 1 only of its presented and reviewed questions, no costs are allowed.

SUPPLEMENT (August 30, 1963):

By amendment of his opinion, the amendment having been submitted to other members of the Court under date of August 26, 1963, Justice KELLY advances a new and special gratuity in behalf of the appellant surety. The point thus put forth was not raised below. It has not been raised here, excepting on impulse of my Brother. It is negated—as we shall presently see—in and by the appellant's brief, and assuredly has never been brought to the attention of the plaintiff, so far at least. Such new point is postulated by Justice KELLY in these words:

"It does not appear, however, from the record before us that the bond in question in the instant case was signed by Charles A. Laurencelle, against whom plaintiff Swartz sought judgment. If such was the situation it is apparent that the bond did not comply with the statutory requirements, and its filing did not afford a proper basis for the discontinuance of the garnishment proceedings."

It seems necessary—again—to point out that this is a law case, and that our due function is restricted to the test of questions which, in the court below, have been raised and saved for review. If—and I say "if"—the principal defendant did not actually sign this garnishment release bond (the original cannot be found in the original record brought here under former Court Rules Nos 65 and 66 [1945][2]), that fact and any claim made for it could and should have been brought to attention of the circuit judge for determination prior to filing of appellant's application for leave to appeal (granted November 9, 1962).

As previously noted the bond was submitted to obtain an order discontinuing the garnishment pro-

---

[2] As amended. See 347 Mich xvii.—REPORTER.

ceedings and releasing the principal defendant's tied-up funds. Judge Beer duly indorsed his approval "of the foregoing bond and the surety thereon." So did the plaintiff's attorney. Such facts appear of due record, and they brought about the discontinuing order of November 18, 1960. The order recites and proceeds:

"This matter having come on to be heard and the court being fully advised in the premises, and further the principal defendant Charles A. Laurencelle, individually, and d/b/a Laurencelle Realty Co., having filed a bond in the amount of $20,000 for the release of said garnishment heretofore issued.

"Now, therefore, it is hereby ordered that the garnishment filed by the plaintiff against the garnishee defendant, Wayne Oakland Bank, a Michigan corporation, is released and the proceedings discontinued as to the garnishee defendant, Wayne Oakland Bank, a Michigan corporation."

If more is needed to signalize due rejection of such new point, let it be known that this case is here on applied-for review of an order denying appellant's "Motion for order releasing surety and canceling bond," the third paragraph of which categorically represents what appears in the margin.[3] Nowhere in that motion, or in any part of the record, does it appear that appellant has asked below or here for judicial consideration of the fact or effect of alleged omission of signature of the bond by the principal defendant. To the contrary appellant has continuously accepted the instrument as having been

---

[3] "3. On November 18, 1960, the said principal defendant, as principal and petitioner herein, Summit Fidelity & Surety Company of Akron, Ohio, as surety, duly filed a garnishment release bond, in accordance with the provisions of the statute in such case made and provided, in the said cause, in the amount of $20,000, in pursuance of which an order was duly made and entered in such above entitled cause, substituting such bond for the said garnishment and releasing Wayne Oakland Bank from further liability therein as such garnishee defendant."

originally valid and has continuously sought to avoid liability thereunder on strength of averred applicability of the *Foreman* and *Hoban Cases* (considered above in both opinions). There can be no question about this since appellant declares, in its brief-statement of facts (on which this Court supposedly may rely; former Court Rule No 67, § 2 [1945][4], now GCR 813.2[2]):

"On November 4, 1960, the principal defendant filed his appearance by his attorney, Jerome P. Cavanagh and thereafter, on November 18, 1960, following the provisions of CL 1948, § 628.44a (Stat Ann 1959 Cum Supp § 27.1898[1]), filed a garnishment release bond, after obtaining approval thereof by the court in the principal sum of $20,000, upon which appellant, Summit Fidelity & Surety Company of Akron, Ohio, an Ohio Corporation, was surety and the said defendant, Laurencelle was principal. Upon the filing of such bond, an order was entered releasing the garnishee-defendant, Wayne Oakland Bank, from further liability and discontinuing such garnishment proceedings as to it."

I refuse to join any holding in this case, however subtle or indirect such holding may be, that this appellant's premium-compensated undertaking is invalid for alleged want of signature of the principal. When and if such question is duly raised, that will be the time and rightful occasion for judicial inquiry whether (a) the judicially indorsed original instrument was or was not signed by the principal defendant; (b) if not, whether the principal defendant and the appellant surety (by action amounting manifestly to a witting or unwitting fraud on the court) then and there became estopped to deny validity of such instrument, and (c) whether in any

---

[4] As amended. See 347 Mich xxii and 355 Mich xiv.—REPORTER.

event the appellant surety, being "a corporate surety company executing the bond for a money consideration and engaged in such business for profit" (the quotation is from *Ladies of the Modern Maccabees* v. *Illinois Surety Co.,* 196 Mich 27, 31), thereby became an insurer of payment, up to $20,000, of any judgment in the cause which might lawfully be entered in favor of the plaintiff.

Appellant's said undertaking, which Justice KELLY would declare invalid, is a contract of insurance or guaranty, considered to be such for reasons oft expressed in this Court. For the general rule see *People, for use of H. Houghton & Sons,* v. *Traves,* 188 Mich 345, 358, and for collection of the authorities, see *Ladies of the Modern Maccabees* v. *Illinois Surety Co., supra,* at 31. Having been paid to take the risk, appellant's "rights and duties are to be measured as in actions on contracts of insurance" (*City of Grand Rapids* v. *Krakowski,* 207 Mich 483, 488), and it cannot avoid its deliberately incurred obligation excepting on showing of prejudice, to it, arising from omission—if in fact there was such omission—of signature of the form by Mr. Laurencelle. And such showing must be made, if to be made at all, in the court below.

KAVANAGH, SOURIS, SMITH, and O'HARA, JJ., concurred with BLACK, J.